IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jane Doe, | ) | C/A No. 0:24-mc-573-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jane Doe, a self-represented litigant, brings this action for damages against the Department of Defense. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.[1]

On August 26, 2024, the court issued an order directing Plaintiff to file the documents necessary to bring this case into proper form. (ECF No. 7.) The order warned Plaintiff that her failure to comply within the time permitted would subject her case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff did not respond to the order and the deadline to do so has passed.

Consequently, this matter should be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 2.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir. 1981).

but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

Here, Plaintiff's failure to comply with the court's order justifies dismissal of this action because the court's August 26, 2024 order warned Plaintiff in bold lettering that this case would be dismissed if she failed to follow the court's instructions. See Ballard, 882 F.2d at 96; see also Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Because the court recommends dismissal of this matter prior to authorizing the issuance of the summons and service of process, the matter should be dismissed *without* prejudice. See Lutfi, 787 F. App'x at 191 (finding the district court did not abuse its discretion by dismissing a *pro se* litigant's complaint without prejudice where the litigant failed to comply with the court's order, noting the litigant could refile the action).

For the foregoing reasons, it is recommended that this action be summarily dismissed without prejudice.[2]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2024
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] In light of this recommendation, Plaintiff's motion to proceed anonymously and motion to seal case (ECF No. 1) should be terminated as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).